STATE v. WILLIAM G. BRAGG.[1]

June 19, 1903.

Nos. 13,294—(6).

**Assault and Battery.**

    Evidence submitted on the trial below *held* sufficient to warrant the conviction of defendant of the offense of assault and battery.

Appeal by defendant from an order of the district court for Freeborn county, Kingsley, J. Affirmed.

*Morgan & Meighen,* for appellant.

*W. B. Douglas,* Attorney General, *A. U. Mayland,* County Attorney, and *H. H. Dunn,* for the State.

[1] Reported in 95 N. W. 578.

COLLINS, J.

The defendant was convicted in justice's court of an assault and battery, and upon appeal to the district court was again found guilty. Upon appeal to this court from an order denying his motion for a new trial, it is argued that the evidence was wholly insufficient to justify a conviction. The well-settled rule of criminal law, that in all cases proof must be sufficient to show the defendant's guilt beyond a reasonable doubt, is applicable here, and with that rule in view we have examined the testimony, all of which has been returned.

The offense of which the defendant was convicted grew out of a very serious family difficulty, and we are thoroughly convinced that it would do no good to spread upon the pages of our reports any statement of the facts immediately connected with the affair. Such a statement would reflect no credit upon either of the men engaged, and we refrain. After a careful examination of the testimony we conclude that, although not absolutely convincing, it warranted the conviction. There are many things about it which tend to show guilt, and it is significant that a jury in justice's court, presumably composed of the defendant's near neighbors, have passed upon this evidence and have found him guilty, and that another jury, impaneled in district court and made up of men who have resided in the county in which the defendant has lived for many years, have also convicted him, and, further, that the careful and conscientious district judge who tried the case has considered the proof as sufficient and denied a new trial.

2. One ground of the motion was based upon the alleged misconduct of one of the jurors, prejudicial to the defendant. It was claimed that this person falsified when answering questions put to him by defendant's counsel as to his competency to sit as a juror. By the affidavits filed in support of defendant's motion, and by those presented in opposition, an issue of fact was squarely raised for the determination of the court below. The decision was against the defendant and in favor of the state, and we see no reason to doubt its correctness.

Order affirmed, and case remanded.